# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

GEOVANNY MORALES,

    Plaintiff,

v.

ROXBOX CONTAINERS, LLC and
ANTHONY HALSCH,

    Defendants.
_____

## COMPLAINT FOR UNPAID WAGES
_____

Plaintiff, by and through undersigned counsel, files this Complaint for Unpaid Wages against the above-listed Defendants.

## STATEMENT OF THE CASE

1. Plaintiff was employed by Defendants as an hourly employee in Defendants' shipping container sale and modification business.

2. Defendants refused to pay Plaintiff overtime wages for overtime hours worked.

3. Though Plaintiff served on Defendants a written demand for his wages, Defendants refused to pay him the overtime wages he is due.

4. Defendants thus violated the Colorado Wage Claim Act (the "CWCA"), Colo. Rev. Stat. §§ 8-4-101 *et seq.*; the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the Colorado Minimum Wage Act (the "CMWA"), Colo. Rev. Stat. §§ 8-6-101 *et seq.*, as implemented by the Colorado Minimum Wage Order (the "MWO"), 7

C.C.R. 1103-1.

5.      Defendants violated the CWCA because that Act requires employers to pay their former employees all their earned and vested wages upon termination of the employment relationship. By refusing to pay Plaintiff the wages he is due within 14 days of receipt of his written demand for wages, Defendants incurred CWCA penalty liability.

6.      Defendants violated the FLSA because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

7.      Defendants violated the CMWA because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek and for each hour worked beyond twelve each workday.

8.      Plaintiff seeks actual damages, liquidated damages, penalties and attorney fees and costs for Defendants' violations of the CWCA, FLSA, and CMWA.

## PARTIES, JURISDICTION, AND VENUE

9.      Plaintiff Geovanny Morales was employed by Defendants from approximately July, 2018 through approximately October, 2019. Plaintiff Vanegas' signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiff's Exhibit 1.

10.     Defendant RoxBox Containers, LLC is a registered Colorado company which has a principal street address of 5040 Acoma Street, Denver, Colorado 80216.

11.     Defendant Anthony Halsch is the founder and CEO of RoxBox Containers, LLC.

12. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq.*

13. Plaintiff requests that this Court exercise supplemental jurisdiction over his claims under the CWCA and the CMWA pursuant to 28 U.S.C. § 1367.

14. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

15. Defendants employed Plaintiff on an hourly basis in Defendants' shipping container sales and modification business in Denver.

16. Defendants paid Plaintiff $30.00 per hour for each hour he worked.

17. Defendants refused to pay Plaintiff overtime wages for the overtime hours he worked.

18. For example, during the one-week pay period running from October 14, 2018 through October 20, 2018, Plaintiff Morales worked 67.75 hours. Defendants paid him $30.00 per hour for each of those hours, for a total of $2,032.50, and did not pay him overtime premiums for each hour he worked beyond 40 that workweek. Similarly, during the one-week pay period running from May 19, 2019 through May 25, 2019, Plaintiff worked 54.75 hours. Defendants paid him $30.00 per hour for each of those hours, for a total of $1,642.50, and did not pay him overtime premiums for each hour he worked beyond 40 that workweek.

19. On December 26, 2019, Plaintiff served Defendants with a written demand for the wages he is due. As of the date of this filing, Defendants have not tendered any

payment in response to Plaintiff's demand.

20. At all times relevant to this action, Defendants employed persons, including Plaintiff, within the State of Colorado.

21. At all times relevant to this action, Plaintiff performed labor for the benefit of Defendants wherein Defendants commanded when, where, and how much labor Plaintiff was to perform.

22. Each year relevant to this action, Plaintiff handled tools and construction materials which moved in interstate commerce.

23. Defendants enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

24. Defendant Anthony Halsch, at all material times, exercised operational and financial control over the RoxBox enterprise and exercised control over the terms and conditions of employment of his employees. For example, Defendant Halsch hired and fired employees, including Plaintiff Morales. Defendant Halsch set his employees' work schedules, set their rates of pay, and made the decision not to pay Plaintiff overtime wages.

### FIRST CLAIM – Failure to Pay All Earned, Vested and Determinable Wages Upon Termination of the Employment Relationship
**Violation of the CWCA (Colo. Rev. Stat. §§ 8-4-101, *et seq*.)**

25. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

26. Plaintiff asserts this count against Defendant RoxBox, LLC (the "corporate Defendant").

27. The corporate Defendant was Plaintiff's "employer" as that term is defined by

the CWCA because it employed Plaintiff in Colorado. Colo. Rev. Stat. § 8-4-101(6).

28. Plaintiff was the corporate Defendant's "employee" as that term is defined by the CWCA because he performed labor for the benefit of the corporate Defendant in which the corporate Defendant commanded when, where, and how much labor or services would be performed.  Colo. Rev. Stat. § 8-4-101(5).

29. The corporate Defendant violated the CWCA when it failed to pay Plaintiff all earned, vested and determinable wages and incurred CWCA penalty liability when it failed to pay the wages due within 14 days after Plaintiff served the corporate Defendant with a written demand for wages. Colo. Rev. Stat. § 8-4-109.

30. Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

31. Plaintiff is entitled to recover in a civil action all earned, vested and determinable wages due, statutory penalties and attorney fees and costs of suit. Colo. Rev. Stat. § 8-4-109; Colo. Rev. Stat. § 8-4-110.

### SECOND CLAIM – Failure to Pay for All Time Worked
### Violation of the CMWA (Colo. Rev. Stat. §§ 8-6-101, *et seq.*) as implemented by the MWO (7 CCR 1103-1)

32. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

33. Plaintiff asserts this count against Defendant RoxBox, LLC (the "corporate Defendant").

34. The corporate Defendant was Plaintiff's "employer" as that term is defined by the MWO because it employed Plaintiff in Colorado.  7 C.C.R. 1103-1(2).

35. Plaintiff was the corporate Defendant's "employee" as that term is defined by

the MWO because he performed labor for the benefit of the corporate Defendant in which the corporate Defendant commanded when, where, and how much labor or services would be performed.  7 C.C.R. 1103-1(2).

36. The corporate Defendant employed Plaintiff in a business or enterprise that sells or offers for sale, a commodity, article, good, or merchandise to the consuming public, and that generates 50% or more of its annual dollar volume of business from such sales, and therefore in an industry regulated by the MWO.  7 C.C.R. 1103-1(2)(A).

37. The corporate Defendant violated the CMWA, as implemented by the MWO, when it failed to pay Plaintiff overtime wages for overtime hours worked.  7 CCR 1103-1(4).

38. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

39. Plaintiff is entitled to recover in a civil action wages owed to him, together with attorney fees and costs of suit.  Colo. Rev. Stat. § 8-6-118; 7 C.C.R. 1103-1(18).

### THIRD CLAIM – Failure to Pay Overtime Premiums
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

40. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

41. Plaintiff asserts this count against all Defendants.

42. Plaintiff was an "employee" as that term is defined by the FLSA.  29 U.S.C. § 203(e).

43. Defendants "employed" Plaintiff as that term is defined by the FLSA.  29 U.S.C. § 203(g).

44. Defendants were Plaintiff's "employers" as that term is defined by the FLSA.

6

29 U.S.C. § 203(d).

45. Defendants violated the FLSA when they refused to pay Plaintiff overtime wages for hours worked beyond forty in each given workweek.  29 U.S.C. § 207.

46. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

47. Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

48. Plaintiff is entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs.  29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff prays that:

As to his FIRST CLAIM brought under the CWCA, Plaintiff respectfully requests an Order from the Court that:

- a. Plaintiff be awarded the overtime wages he is due;
- b. Plaintiff be awarded statutory penalties;
- c. Plaintiff be awarded attorney fees and costs of suit;
- d. Plaintiff be awarded pre-judgment and post-judgment interest; and
- e. Plaintiff be awarded such other and further relief as may be necessary and appropriate.

As to his SECOND CLAIM brought under the CMWA, as implemented by the MWO, Plaintiff respectfully requests an Order from the Court that:

- a. Plaintiff be awarded the overtime wages he is due;
- b. Plaintiff be awarded attorney fees and costs of suit;

c. Plaintiff be awarded pre-judgment and post-judgment interest; and

d. Plaintiff be awarded such other and further relief as may be necessary and appropriate.

As to his THIRD CLAIM brought under the FLSA, Plaintiff respectfully requests an Order from the Court that:

a. Plaintiff be awarded unpaid overtime wages;

b. Plaintiff be awarded liquidated damages as required by law;

c. Plaintiff be awarded pre-judgment and post-judgment interest;

d. Plaintiff be awarded costs and attorney fees;

e. Plaintiff be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*s/ Brandt Milstein*
**Brandt Milstein**
Milstein Law Office
2400 Broadway, Suite B
Boulder, CO 80304
Telephone: 303.440.8780
Fax: 303.957.5754
E-mail: brandt@milsteinlawoffice.com

*Attorney for Plaintiff*