IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00262-PAB-KLM

GEOVANNY MORALES,

    Plaintiff,

v.

ROXBOX CONTAINERS, LLC, and
ANTHONY HALSCH,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6) [Docket No. 13]. Defendants responded, Docket No. 17, to which plaintiff replied. Docket No. 23.

## I. BACKGROUND[1]

Defendants[2] hired plaintiff as an independent contractor in the summer of 2018. Docket No. 12 at 5, ¶ 3. The parties maintained a good relationship until the fall of 2019, when defendants discovered that plaintiff was submitting false invoices based on hours that he had not worked. *Id.* at 5, ¶¶ 4–5. On a near daily basis, plaintiff checked-in through the "timeclock system" at his home, but would check-out long after he

---

[1] The Court assumes that the allegations in defendant's answer and counterclaim [Docket No. 12] are true in considering this motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

[2] Defendant Anthony Halsch ("Halsch") is the founder and CEO of defendant RoxBox Containers, LLC ("RoxBox"). Docket No. 1 at 2, ¶ 11; Docket No. 12 at 2, ¶ 11.

stopped working, for an average additional time of five hours per week. *Id.*, ¶ 6. Defendants later uncovered that plaintiff edited his hours after shifts, "potentially padding his hours as well." *Id.*, ¶ 7. Plaintiff "intentionally sought to surreptitiously add hours to his bills and continued to file false records" in order to "induce Defendant RoxBox to overpay" plaintiff. *Id.*, ¶ 8.

In plaintiff's complaint, which was amended, Docket No. 15, plaintiff alleges that he was an employee, not an independent contractor, and that defendant failed to pay him for the overtime that he worked. Docket No. 1 at 1, ¶¶ 1–3. Of plaintiff's four claims for relief, only his claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, is relevant to this motion. *Id.* at 6–7, ¶¶ 40–48. Defendants bring one state-law counterclaim for civil theft in violation of Colo. Rev. Stat. § 18-4-405. Docket No. 12 at 6, ¶¶ 49–54. Plaintiff moves to dismiss the counterclaim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Docket No. 13. In response, defendants argue that they have stated a claim under Rule 12(b)(6) and, separately, that the Court should review this motion under Federal Rule of Civil Procedure 12(b)(1) because the Court has supplemental jurisdiction to hear the state-law counterclaim, which defendants believe is compulsory. Docket No. 17 at 2.

## II. LEGAL STANDARD

Defendants argue that courts routinely review motions to dismiss counterclaims in FLSA cases under Rule 12(b)(1). Docket No. 17 at 2. Such motions generally attack the court's exercise of supplemental jurisdiction over the state-law counterclaim and therefore require a review of the court's subject matter jurisdiction. *See, e.g.*, *Price v.*

2

*Wolford*, 608 F.3d 698, 702–04 (10th Cir. 2010); *Deasy v. Optimal Home Care, Inc.*, No. 17-cv-00287-MSK, 2018 WL 10911745, at *2 (D. Colo. Nov. 2, 2018) ("The Tenth Circuit treats the question of whether supplemental jurisdiction is properly exercised as an issue of subject matter jurisdiction over the supplemental claims."). Here, plaintiff's motion does not contend that the Court lacks subject matter jurisdiction over defendants' counterclaim and does not argue that defendants failed to plausibly allege the elements of civil fraud. Rather, plaintiff's sole argument is that dismissal is warranted because FLSA counterclaims that attempt to set-off defendants' liability are impermissible. Docket No. 13 at 2–3 (citing *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983) (permitting an employer to "try his private claims, real or imagined, against his employees [in an FLSA action] would delay and even subvert the whole process")). The Court will consider the motion under both Rule 12(b)(1) and Rule 12(b)(6).

    A motion under Rule12(b)(1) is a request for the Court to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A plaintiff bears the burden of establishing that the Court has jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). When the Court lacks subject matter jurisdiction over a claim for relief, dismissal is proper under Rule 12(b)(1). *See Jackson v. City and Cnty. of Denver*, No. 11-cv-02293-PAB-KLM, 2012 WL 4355556 at *1 (D. Colo. Sept. 24, 2012). Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter

jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alterations omitted).

### III. ANALYSIS

Plaintiff moves to dismiss defendants' civil theft counterclaim on the ground that such counterclaims are impermissible under Tenth Circuit law. Docket No. 13 at 2. Plaintiff argues that, because the purpose of the FLSA is to bring employers into

compliance with the wage laws, permitting an employer to "try his private claims, real or imagined, against his employees would delay and even subvert the whole process." *Id.* (quoting *Donovan*, 717 F.2d at 1323). Defendants argue that plaintiff mischaracterizes defendants' counterclaim, misstates the law, and fails to support his motion. Docket No. 17 at 1.

Generally, in FLSA actions, the Tenth Circuit disfavors the exercise of supplemental jurisdiction over state-law counterclaims. *Donovan*, 717 F.2d at 1323. This is because the FLSA is intended to provide a "narrow and specialized" statutory remedy to employees based almost exclusively on "the nature of their job, the number of hours that they worked[,] and the amount paid to them." *Deasy*, 2018 WL 10911745, at *3. Noting this, other courts have held that allowing employers' counterclaims based on "other aspects of the employer-employee relationship" would expand the FLSA beyond what Congress intended. *Id.* (citing *Lyon v. Whisman*, 45 F.3d 758, 763-64 (3rd Cir. 1995)). Rather than proceed by counterclaim, the employer "is free to sue his employees in state court." *Donovan*, 717 F.2d at 1323. Even though it may be "far more efficient for both the employer and employee to participate in a single, consolidated lawsuit . . . the general trend is to sever employer counterclaims and setoffs from the action." *Saarela v. Union Colony Protective Servs., Inc.*, No. 13-cv-01637-MSK-MJW, 2014 WL 3408771, at *5 (D. Colo. July 14, 2014).

However, as the *Deasy* court explained, *Donovan* does not bar all state-law counterclaims in FLSA cases, at least not where the counterclaims are "virtually identical" to the FLSA claims. *Deasy*, 2018 WL 10911745, at *3 (citing *Lyon*, 45 F.3d at

764). *Lyon*, though not binding on this Court, explains that where the operative facts are the same, the counterclaim may proceed. 45 F.3d at 764. Considering *Donovan*, the court in *McFeeters v. Brand Plumbing, Inc.* determined that a defendant's counterclaim for unjust enrichment in the form of unearned vacation pay was not sufficiently related to plaintiff's allegations of unpaid overtime and dismissed the counterclaim. 2016 WL 6581515, at *2–3 (D. Kan. Nov. 7, 2016). Here, plaintiff's claim that he was not paid for overtime is closely related to defendants' counterclaim that plaintiff padded his hours. Therefore, the Court finds that, notwithstanding *Donovan*, plaintiff has not shown that the Court lacks jurisdiction to hear defendants' counterclaim.³ Other courts have reached similar results. *See, e.g.*, *Jones v. Addictive Behavioral Change Health Grp., LLC*, 364 F. Supp. 3d 1257, 1264 (D. Kan. 2019) (permitting counterclaim because, "[p]ut simply, Plaintiff's FLSA claim is to recover underpaid wages, whereas Defendant's counterclaim is to recover overpaid wages.").

---

³ Defendants dispute the relevance of *Donovan* because *Donovan* "revolved around a permissive counterclaim," while defendants' counterclaim is compulsory. Docket No. 17 at 10. Whether the Court considers defendants' counterclaim as compulsory or as permitted under an exception to *Donovan*, the result is the same. *See Millennium Labs., Inc. v. Rocky Mountain Tox, LLC*, No. 10-cv-02734-MSK-KMT, 2011 WL 4736357, at *2 (D. Colo. Oct. 7, 2011) ("Prior to the enactment of the supplemental-jurisdiction statute, 28 U.S.C § 1367, some courts determined supplemental jurisdiction over state-law counterclaims based on whether the counterclaim was compulsory or permissive"; "the Tenth Circuit has not affirmatively determined whether a court's supplemental jurisdiction over counterclaims continues to be controlled by this compulsory versus permissive distinction."); *see also Ott v. Chacha in Art LLC*, No. 18-cv-01135-LTB-GPG, 2019 WL 10252743, at *3 (D. Colo. May 1, 2019) ("If I were to find the counterclaims compulsory, they would not be dismissed. If I found them to be permissive, independent jurisdiction would be needed. As I find that the claims and counterclaims share a common nucleus of operative fact, this finding of supplemental jurisdiction would suffice as independent jurisdiction, obviating the need to consider" compulsory as opposed to permissive counterclaims.).

The Court next considers plaintiff's argument that dismissal of defendants' counterclaim is warranted because "no set of facts would entitle Defendants to the relief they seek." Docket No. 13 at 3. Because plaintiff provides no argument or support for this contention, the Court finds that plaintiff's motion contains insufficient grounds for dismissal under Rule 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6) [Docket No. 13] is **DENIED**.

DATED March 4, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge