IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00262-PAB-KLM

GEOVANNY MORALES,

    Plaintiff,

v.

ROXBOX CONTAINERS, LLC, and
ANTHONY HALSCH,

    Defendants.

# ORDER

This matter is before the Court on Defendant RoxBox Containers, LLC's Partial Motion to Dismiss Defendants [*sic*] Claim for Retaliation [Docket No. 16]. Plaintiff responded, Docket No. 25, to which defendants replied. Docket No. 28.

## I. BACKGROUND[1]

Plaintiff was an hourly employee of defendants,[2] yet defendants refused to pay plaintiff for the overtime hours that he worked. Docket No. 15 at 1, ¶¶ 1–2; *id.* at 3, ¶¶ 16, 18. For instance, during one week in October 2018, plaintiff worked 67.75 hours, and, during one week in May 2019, plaintiff worked 54.75 hours, yet, for both of these weeks, plaintiff was only paid his standard hourly wage of $30.00, rather than being

---

[1] The Court assumes that the allegations in plaintiff's amended complaint [Docket No. 15] are true in considering this motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

[2] Defendant Anthony Halsch ("Halsch") is the founder and CEO of defendant RoxBox Containers, LLC ("RoxBox"). Docket No. 15 at 2, ¶ 12; Docket No. 12 at 2, ¶ 11.

paid "overtime premiums for each hour that he worked beyond 40 hours that workweek." *Id.*, ¶ 19. On December 26, 2019, plaintiff served defendants with a written demand for the wages that he was owed; although, defendants have still not paid him. *Id.*, ¶ 20.

Plaintiff's initial complaint alleged similar facts and made three claims for relief, under the Colorado Wage Claim Act ("CWCA"), the Fair Labor Standards Act ("FLSA"), and the Colorado Minimum Wage Act ("CMWA"). Docket No. 1 at 1, ¶ 4. After plaintiff filed this lawsuit, defendants filed a counterclaim, asserting that plaintiff was an independent contractor and that he falsified his hours. Docket No. 12 at 4–5, ¶¶ 3, 5–8. Plaintiff then amended his complaint to allege additional facts and to add an additional claim. Plaintiff states that he did not falsify his or any other employee's time records. Docket No. 15 at 4, ¶ 27. Rather, plaintiff alleges that defendants were aware that their phone-based time-keeping system did not always function, and defendants directed plaintiff to enter his time into the time-keeping system to fix these coverage issues. *Id.*, ¶ 28. In addition, plaintiff alleges that defendants, through their office manager, verified and signed-off on all hours worked. *Id.* at 5, ¶ 29. Plaintiff also alleges that defendants' counterclaim was retaliatory, in violation of the FLSA, and was designed to chill other employees' assertion of their rights. *Id.* at 4, ¶ 26. Defendants move to dismiss the retaliation claim. Docket No. 16 at 1.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes

the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alterations omitted).

## III.  ANALYSIS

Defendants argue that plaintiff's retaliation claim is solely based on defendants' counterclaim and, as such, must be dismissed because plaintiff has failed to allege that, as a result of defendants filing their counterclaim, he suffered an adverse employment action. Docket No. 16 at 4.

The FLSA prohibits discharging or discriminating "against any employee because such employee has filed any complaint or instituted or caused to be instituted any

proceeding" under or related to the FLSA.  29 U.S.C. § 215(a)(3).  "FLSA retaliation claims are analyzed under the familiar three-pronged *McDonnell Douglas* framework." *Pacheco v. Whiting Farms, Inc.*, 365 F.3d 1199, 1206 (10th Cir. 2004) (citation omitted); *see also Hamby v. Associated Ctrs. for Therapy*, 230 F. App'x 772, 785 (10th Cir. 2007) (unpublished).  "Under the first prong of the *McDonnell Douglas* framework, the employee must establish a prima facie case of retaliation by demonstrating (1) [he] engaged in protected activity under [the] FLSA, (2) [he] suffered an adverse employment action contemporaneous with or subsequent to the protected activity, and (3) a causal connection between the protected activity and the adverse employment action."  *Id.* (citation omitted).[3]  "An employee cannot establish a *prima facie* case of retaliation without an adverse employment action."  *Saville v. Int'l Bus. Machines Corp.*, 188 F. App'x 667, 669 (10th Cir. 2006) (unpublished) (citing *Pacheco*, 365 F.3d at 1206).

By filing this lawsuit, plaintiff engaged in protected opposition to discrimination, thereby satisfying the first element of the *prima facie* case.  *Robinson*, 2009 WL 2382764, at *3.  To determine whether plaintiff's allegations satisfy the second and third elements, the Court first determines whether plaintiff has alleged that he suffered an adverse action.  If the Court finds that plaintiff has shown that he suffered an adverse

---

[3] The burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973), applies if the plaintiff establishes a *prima facie* case of retaliation and there is no direct evidence of retaliation.  *Id.* at 804.  On a motion to dismiss, however, "it is not appropriate to evaluate the issues of an employer's legitimate non-retaliatory reason for its actions, and an employee's evidence of pretext, as required under" the second two prongs of *McDonnell Douglas*.  *Robinson v. Dean Foods Co.*, No. 08-cv-01186-REB-CBS, 2009 WL 2382764, at *3 (D. Colo. July 30, 2009).

action, the next Court considers whether there is a causal connection between the protected activity and the adverse action. In support of these two elements, plaintiff alleges that he is a former employee of defendants and that defendants filed the factually baseless civil theft counterclaim to retaliate against him for asserting his rights and with the intent to chill plaintiff and other employees. Docket No. 15 at 1, ¶ 1; *id.* at 2, ¶ 7; *id.* at 4, ¶ 26.

In *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006), the Supreme Court considered the anti-retaliation provision of Title VII, which is substantially similar to the FLSA's anti-retaliation provision, *see Sparks v. Duncan Race Cars, Inc.*, No. 14-cv-00447-PAB-KLM, 2014 WL 7403382, at *6 (D. Colo. Dec. 29, 2014) (accepting magistrate judge's recommendation), and concluded that Title VII's "antiretaliation provision's objective would not be achieved" if the standard applied "focus[ed] only upon employer actions and harm that concern employment and the workplace" because "[a]n employer can effectively retaliate against an employee by taking actions not directly related to his employment or by causing him harm outside the workplace." *Burlington*, 548 U.S. at 63. In the Title VII context, the Supreme Court has explained that an action taken by an employer is retaliatory if "a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting" a claim. *Id.* at 86. The Court went on to make clear that this is an "objective standard" that looks at "the reactions of a reasonable employee." *Id.* The Court here finds *Burlington*'s Title VII framework to be appropriate to analyze plaintiff's FLSA claim as well. *See Sparks*,

2014 WL 7403382, at *6; *cf. McBurnie v. City of Prescott*, 511 F. App'x 624, 624–25 (9th Cir. 2013) (unpublished) (applying *Burlington* standard to FLSA retaliation claim).

Courts in this District have previously held that, by itself, the assertion of a counterclaim by an employer in a Title VII case may not form the basis of a retaliation claim under Title VII. *See, e.g.*, *Robinson*, 2009 WL 2382764, at *4–5. The *Robinson* court explained:

> When an employee initiates the litigation, a counterclaim cannot dissuade the employee from making a charge of discrimination, by filing a lawsuit, because the charge necessarily must be made before the employer can file a counterclaim. Thus, a counterclaim falls within the *Burlington Northern* definition of adverse action only if the counterclaim "could well dissuade a reasonable worker from . . . supporting a charge of discrimination."

*Id.* at *4 (quoting *Burlington*, 548 U.S. at 57); *see also Beltran v. Brentwood N. Healthcare Ctr., LLC*, 426 F. Supp. 2d 827, 833 (N.D. Ill. 2006) ("We recognize than an employer's lawsuit filed with a retaliatory motive rather than in good faith may constitute an adverse action and provide a basis for a retaliation claim. But if the mere filing of a counterclaim were sufficient to give rise to a retaliation claim, then every defendant in an FLSA, Title VII or ADA lawsuit who asserts a counterclaim would be subject to a retaliation claim." (citation omitted)).

Given that "[i]t is conceivable that a frivolous, baseless, or otherwise abusive counterclaim might form the basis for a retaliation claim," *Robinson*, 2009 WL 2382764, at *5, the success of defendants' motion here depends on whether their civil theft counterclaim is frivolous, baseless, or abusive. Considering similar purportedly retaliatory counterclaims in *Robinson*, the court granted defendants' motion to dismiss

6

because the counterclaim "ha[d] an arguable basis cognizable in law." *Id.*

To state a claim for civil theft under Colo. Rev. Stat. § 18-4-405, defendants must allege that plaintiff "knowingly obtained control over [their] property without authorization" and did so "with the specific intent to permanently deprive [them] of the benefit of the property." *Huffman v. Westmoreland Coal Co.*, 205 P.3d 501, 509 (Colo. 2009). "[A] claim under the civil theft statute requires proof that the property was taken with the specific intent to permanently deprive the owner of the benefit of the property." *Procom Supply, LLC v. Langner*, No. 12-cv-00391-MSK-KMT, 2012 WL 4856724, at *5 (D. Colo. Oct. 11, 2012) (citations omitted). In addition, the Colorado Supreme Court has held that such a "theft" may "occur when one takes property without the owner's authorization" or when "the property is taken by deception, even with the owner's authorization." *West v. Roberts*, 143 P.3d 1037, 1040 (Colo. 2006). Further, money is recoverable "property" under the statute. *See, e.g.*, *Rhino Fund, LLLP v. Hutchins*, 215 P.3d 1186, 1195 (Colo. App. 2008) (noting that proceeds from sale of goods "constituted 'property obtained by theft'" under Colo. Rev. Stat. § 18-4-405); *Cedar Lane Invs. v. Am. Roofing Supply of Colo. Springs, Inc.*, 919 P.2d 879, 882 (Colo. App. 1996) ("The stolen property that American Roofing seeks to recover is the money Allan Capps used to purchase and improve the real estate."); *cf. Oilman Int'l, FZCO v. Neer*, No. 10-cv-02810-PAB-BNB, 2012 WL 2871701, at *2 (D. Colo. June 7, 2012) (discussing civil theft claim for stolen money brought against third party).

As noted above, defendants allege that plaintiff submitted false invoices based on hours that he did not work, that, on a near daily basis, plaintiff checked into work at

home and checked out long after he had stopped working, and that he edited his hours after shifts, "potentially padding his hours." Docket No. 16 at 3–4 (citing Docket No. 12 at 5, ¶¶ 5–7). The allegations here are similar to those in *Sparks*, where defendants alleged in a civil theft counterclaim that plaintiffs submitted invoices for work that was never performed. 2014 WL 7403382 at *2. In *Sparks*, this Court determined that it could not conclude that the civil theft counterclaim was baseless and that, therefore, the assertion of the counterclaim did not provide a sufficient basis for the retaliation claim. *Id.* at *9. Moreover, as the court noted in *Robinson*, a reasonable plaintiff "necessarily must expect and be prepared to defend his or her claims against denials, defenses, and affirmative defenses asserted" by the defendant. 2009 WL 2382764, at *4. "Denials, defenses, and affirmative defenses are the ususal and, generally, reasonable responses" to bringing a lawsuit. *Id.* "A plaintiff . . . who is dissuaded from supporting a charge . . . asserted in a lawsuit, when faced with reasonable denials, defenses, and affirmative defenses asserted by the defendant[], is not reasonably dissuaded." *Id.*

Plaintiff has not established that defendants' counterclaim is baseless. *See Sparks*, 2014 WL 7403382, at *7. Moreover, because a reasonable employee would not have found defendants' counterclaim to be materially adverse such that it would dissuade a reasonable worker from making or supporting a charge such as plaintiff's, *see Burlington*, 548 at 86; *Robinson*, 2009 WL 2382764, at *6, plaintiff has not alleged that he suffered an adverse action. Thus, plaintiff's retaliation claim must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant RoxBox Containers, LLC's Partial Motion to Dismiss Defendants [*sic*] Claim for Retaliation [Docket No. 16] is **GRANTED**.  It is further

**ORDERED** that plaintiff's retaliation claim is **DISMISSED**.

DATED March 4, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge
